MR. JUSTICE SHEA
concurring in part and dissenting in part:
I agree that the small claims procedure set up in Title 25, Ch. 35, MCA, is unconstitutional, and that the severability clause will not save the substance of this act. In enacting this act, the legislature ignored the constitutional right to jury trial guaranteed by 1972 Mont.Const., Art. II, § 26. The majority, however, holds that it is sufficient if a new small claims procedure act guarantees the right to jury trial by an appeal to District Court and a second trial held there. I part with the majority here because I believe that the right to jury trial must be guaranteed in the court of original jurisdiction *450 — the court that first conducts a trial on the merits. A fair reading of Art. II, § 26, requires this interpretation.
The majority seizes on the first sentence of Art. II, § 26, “[t]he right of trial by jury is secured to all and shall remain inviolate” — But ignores the remaining language of this section. It is not enough to quote the first sentence, for the remaining language of section 26 shows without question that the right to jury trial is guaranteed in each of the trial courts of this state.
The 1972 Mont.Const., Art. II, § 26 provides:
“Trial by jury. The right of trial by jury is secured to all and shall remain inviolate. But upon default of appearance or by consent of the parties expressed in such manner as the law may provide, all cases may be tried without a jury or before fewer than the number of jurors provided by law. In all civil actions, two-thirds of the jury may render a verdict, and a verdict so rendered shall have the same force and effect as if all had concurred therein. In all criminal actions, the verdict shall be unanimous.”
This section does not distinguish between levels of trial courts.
The meaning of this section, when read in its entirety, is crystal clear. The explicit guarantee is set out in the first sentence: “the right of trial by jury is secured to all and shall remain inviolate.” By the second sentence, trials in all Montana trial courts can be by less than the required number of jurors if the parties agree, or if a party defaults. By the third sentence, trial of a civil case in all trial courts of this state, required the agreement of two-thirds of the jury in order to reach a verdict. By the fourth and last sentence, trial of a criminal case in all trial courts of this state requires the unanimous agreement of the jury in order to reach a verdict.
I don’t know what could be more clear. However, reference to the 1889 constitutional provision guaranteeing the right to jury trial, shows the intent of the framers in transforming the 1889 constitutional provision to the 1972 provision. The 1889 Mont.Const., Art. Ill, § 23, provides:
*451 “The right of trial by jury shall be secured to all, and remain inviolate, but in all civil cases and in all criminal cases not amounting to felony, upon default of appearance, or by consent of the parties expressed in such manner as the law may prescribe, a trial by jury may be waived, or a trial had by any less number of jurors than the number provided by law. A jury in a justice’s court, both in civil cases and in cases of criminal misdemeanor, shall consist of not more than six persons. In all civil actions and in all criminal cases not amounting to felony, two-thirds in number of the jury may render a verdict, and such verdict so rendered shall have the same force and effect as if all such jury concurred therein.”
A careful comparison of the 1889 provision with the 1972 provision, shows that there are only two substantial changes — the other changes are style and drafting changes. First, under the 1889 Constitution, a defendant could not waive a jury trial in a felony criminal case, but under the 1972 Constitution, a defendant by agreement of the parties, can waive a jury trial. Second, under the 1889 Constitution in non-felony cases, only two-thirds of the jury need agree to reach a binding verdict; but under the 1972 provision, in all criminal cases the verdict must be unanimous.
The Convention Notes on the right to jury trial show that these were the only changes contemplated by the delegates. The note to section 26 states:
“Revises 1889 constitution [Art. Ill, sec. 23] by permitting a defendant to waive a jury trial in felony cases as well as civil and misdemeanor cases and by requiring all jurors [rather than %] agree before a defendant may be convicted of a misdemeanor.”
No one would argue that a person did not have a right to a jury trial in justice court under the old constitution; and no one should argue that a person does not have a right to a jury in justice court, police court, or a small claims court under the 1972 constitution. The right is there — it is “secured to all and shall remain inviolate.” Art. II, § 26.
For reasons I don’t understand, the majority cites, without explanation, two United States Supreme Court decisions: Capital *452 Traction Co. v. Hof (1898), 174 U.S. 1, 19 S.Ct. 580, 589, 43 L.Ed.873; and Livingston v. Moore (1833), 32 U.S. (7 Pet.) 469, 8 L.Ed. 751. Neither case is applicable to the question raised here.
In Livingston v. Moore, supra, a Pennsylvania case, the procedures in that state set up an administrative method for settling of accounts between the state and its officers. No trial was involved at all. Once the comptroller authorized the clerk to issue summary process to collect the amount he decided was due, any aggrieved state officer could immediately cut off that process by appealing the Pennsylvania Supreme Court and demanding a jury trial. Therefore, the right of jury trial was guaranteed the moment the administrative proceedings were completed and the comptroller reached a decision.
Another reason Livingston does not apply here is that the court interpreted constitutional provisions wholly unlike the provision in Montana. The constitutional provisions actually involved in Pennsylvania, stated:
“In controversies respecting property, and in suits between man and man, the parties have a right to trial by jury, which ought to be held sacred.” Art. XI, Const, of Penn, adopted in 1776.
“Trial by jury shall be as heretofore, and the right thereof remain inviolate.” Art. IX, Sec. 6, Bill of Rights, Const, of Penn, adopted in 1790.
These provisions cannot be compared at all with Montana’s constitutional provision, Art. II § 26. I see no reason why Livingston has any bearing on interpreting our own constitutional provision.
Nor does Capital Traction Co. v. Hof, supra, have any bearing on the issue raised here under our own constitution. That case involved issues not even involved in this case. The first issue was whether the trial procedure in the District of Columbia violated the right to a jury trial as provided for in the Seventh Amendment to the United States Constitution. The second issue was whether the right to jury trial based on law existing before the District of Columbia became a ward of the United States Government, applies after the district became a ward. These issues are totally irrelevant *453 to an interpretation of our own constitutional provision on jury trials.
It is clear that in holding that the right to jury trial under 1972 Mont.Const., Art. II, § 26 can be preserved by providing for a jury trial at a second trial on appeal, the majority has totally ignored the provisions of our constitution. It is not enough to base a decision only on the first sentence of Art. II, § 26.
As I have already stated, the majority got ahead of itself in holding that the first trial can take place without a jury, but that a second trial with a jury must be guaranteed. It also appears by implication in the majority opinion that the right to counsel in a civil trial before a jury, must be guaranteed, and that the absence of counsel amounts to a denial of due process of law. I don’t agree.
I emphasize first that I would require a jury trial to be held in any small claims proceedings if either one of the parties demanded a jury trial. I also believe there are benefits to a jury trial in a small claims court if it is conducted without benefit of counsel.
One of the main objectives of a small claims procedure is to have speedy and inexpensive justice. Although this concept is illusory at best, it is still an objective of which we should not lose sight. The presence of counsel at a trial often makes it less speedy, and surely makes it more expensive.
A jury trial without benefit of counsel can reach the equities of a case. One of the objectives of a small claims court is to simplify pleadings, to do away with the technical rules of evidence, and to generally get to the heart of the issue in order to reach an equitable solution. This can be done only if the small claims court is more a court of equity than it is a court of law.
Although I have no empirical evidence to back my statement, I don’t think I am going astray in stating that most people in this country do not want to entrust the fate of a case to the hands of one person. Most people would feel far better about their trial if it was a jury of their fellow citizens deciding their case. People in this country are naturally suspicious of entrusting their fate to one person. If a jury, rather than a judge, decides a small claims case, I *454 believe that a party on the receiving end of an adverse jury verdict, will more readily abide by the jury’s decision. If so, he is less likely to take an appeal and the litigation will -be ended.
A small claims court judge who genuinely wants to see the case fairly submitted to a jury, will do his best to see that the jury has the whole story. If the proceedings are to be effective, the jury should be invited to participate in the trial by asking questions and generally getting to the bottom of the case so that the equities can be felt. Once those equities are felt, I believe the collective judgment of a jury is more likely to reach an equitable result than is the judgment of one person. A jury is the cross-section of the community and a jury is the conscience of the community. A judge is not.
I do not say that a jury decision in a small claims court should in all cases be irrevocably final. Perhaps there should be an appeal process, and in that appeal process it might be best to let counsel participate. Nor do I say that a jury system as I recommend would not have its abuses; there is no system yet devised by man that has not been abused. But if abuses do occur, surely the existing legal remedies could be fashioned to reach the abuses. If the abuses were frequent and wide-ranging, I have no doubt that the legislature would be asked to convert the small claims court into a court of law, with all the formal procedures.
Under Art. II, § 26 of our constitution, the right to jury trial in a small claims court is “inviolate.” But if we have the faith in the jury system as we all say we do (and I am a true believer), we should let it operate in a small claims court differently than in a strict court of law. The results may be good, or they may be bad, but we should give it a chance, for any abuses can be corrected.
There are several unhealthy implications of a decision that permits a jury trial only at a second trial, after there has already been a nonjury trial on the merits in the court below. The realities are that in many if not most of the trials, a jury trial waiver would be the result. We should not bury our heads in the sand.
The legislature cannot help but be aware that the district courts, are, for the most part, overburdened with cases to try — both *455 criminal and civil. There is more than a probability that a case appealed from a small claims court will not have as good a chance of getting on the jury trial calendar as are the criminal cases and civil cases filed directly in district court. The case on appeal from the small claims court may well languish at the district court level for a long period of time before it is ever tried. Nor can it be denied that district judges are most reluctant to call in juries to try civil appeals coming to them from a lower court. A district court judge undoubtedly will directly or indirectly pressure counsel or the parties to waive a jury trial. It is not unheard of that district judges have their own way of convincing counsel that it is best to waive a jury trial, and that message inevitably gets back to the client. Only a strong-willed client can prevail upon his lawyer and the trial judge in his insistence on a jury trial. These are not theories; they are the realities. If the right to a jury trial is to mean anything, this is not the way it should be.
Even if there was no pressure from district judges and lawyers to waive a jury trial in an appeal from a small claims court, the undeniable fact is that it would take a long time to get to trial, whether the trial is by jury, or whether the trial is waived and a judge hears the case. If the general purpose of a small claims court is to be served, it is best to have the full trial on the merits, before a jury, in the small claims court.
We have today declared the small claims act to be unconstitutional. If the legislature decides to again create a small claims court, I would suggest that its members closely read the 1972 Mont. Const., Art. II, § 26.1 think they would agree that they must provide for a jury trial in the small claims court. That section does not distinguish between district court trials and lower court trials when guaranteeing the right to jury trial. But the majority has erroneously done so here.